```
BENJAMIN B. WAGNER
United States Attorney
SAMUEL WONG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2772
```



FILED

OCT 21 2011



CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:09-CR-297 WBS |
| Plaintiff, | DEFERRED PROSECUTION AGREEMENT AND ORDER RE: DEFENDANT'S RELEASE TO THE DEPARTMENT OF HOMELAND SECURITY FOR FURTHER ADMINISTRATIVE PROCEEDINGS |
| v. | |
| ALEX ZAVALA-TAPIA, | |
| Defendant. | Court: Hon. William B. Shubb |

Plaintiff United States of America, by its counsel, Benjamin B. Wagner, United States Attorney for the Eastern District of California, and Samuel Wong, Assistant United States Attorney, on the one hand, and defendant Alex Zavala-Tapia ("you", "defendant", or "I"), who is represented by his attorney, Assistant Federal Defender Benjamin Galloway, on the other hand, stipulate to the entry of the following Deferred Prosecution Agreement reached after negotiations.

## AGREEMENT TERMS

It appearing to the United States that you have committed offenses against the United States in that you have been charged with violating in the State and Eastern District of California:

1

(1) 21 U.S.C. §§ 841(a)(1) and 846, conspiracy to manufacture at least 1,000 marijuana plants; and (2) 21 U.S.C. § 841(a)(1), manufacture of at least 1,000 marijuana plants; and (3) 18 U.S.C. § 924(c)(1)(A)(i), possession of a firearm in furtherance of a drug trafficking crime.  Defendant has reviewed the Indictment with his attorney and understands the charges against him.

Upon accepting responsibility for your behavior and by your signature on this Agreement, it appearing, after an investigation of the offenses and your background, that the interest of the United States and your own interest, and the interest of justice will be served by the following procedure; therefore,

On the authority of the Attorney General of the United States, by Samuel Wong, Assistant United States Attorney for the Eastern District of California, prosecution in this district for these offenses shall be deferred until April 20, 2012, provided you abide by the following conditions and the requirements of this agreement set out below.  During the time period until April 20, 2012, the prosecution of your case shall be stayed for the purpose of allowing you to demonstrate your good conduct within the meaning of 18 U.S.C. § 3161(h)(2), so long as you comply with the conditions of this Agreement.

Should you violate the conditions of this Agreement, the Assistant United States Attorney may revoke or modify any conditions of the diversion program of this Deferred Prosecution Agreement or change the period of supervision, which shall in no case extend beyond April 20, 2012.  The Assistant United States Attorney may release you from supervision at any time.  The Assistant United States Attorney may at any time within the

2

1  period of your supervision initiate prosecution for these
2  offenses should you violate the conditions of this Agreement.  In
3  this case, he will furnish you with notice specifying the
4  conditions of the Agreement which you have violated.

5      After successfully completing your diversion program and
6  fulfilling all the terms and conditions of the Agreement, no
7  prosecution for the offenses set out in this Agreement will be
8  instituted in this district, and the charges against you will be
9  dismissed.

10     Neither this Agreement nor any other document filed with the
11 Assistant United States Attorney as a result of your
12 participation in the diversion program will be used against you,
13 except for impeachment purposes, in connection with any
14 prosecution for the above-described offenses.

15 <u>GENERAL CONDITIONS FOR PRETRIAL DIVERSION</u>
16 1.  You shall voluntarily and immediately forfeit to the United
17 States, pursuant to 21 U.S.C. § 853(a), without further judicial
18 or administrative proceedings all of your right, title, and
19 interest, if any, in the Rossi brand combination survival .22
20 caliber rifle, 20 gauge shotgun, serial number SP436500, imported
21 by Braztech L.C., and approximately fifteen 20 gauge shotgun
22 shells, which property was used or intended to be used, in any
23 manner or part, to commit or to facilitate the commission of a
24 violation of 21 U.S.C. §§ 841(a)(1) and 846.  You stipulate and
25 agree that the United States may destroy, sell, or transfer the
26 firearm and ammunition within its discretion.  You hereby forever
27 release the United States, its departments and agencies, and its
28 officers, attorneys, employees, and agents of any and all

1  liability in connection with the seizure and disposal of the
2  firearm and ammunition, and your arrest, detention, and
3  prosecution in this case.
4  2.   You shall not violate any law (federal, state and/or local).
5  You shall immediately contact the United States Attorney's Office
6  through your defense counsel if arrested and/or questioned by any
7  law enforcement officer.
8  3.   You shall attend school or work regularly at a lawful
9  occupation.  You shall notify the United States Attorney's Office
10 through your defense counsel of any permanent change in your
11 residence within 15 days of the change in residence.
12 4.   If deported from the United States, you shall continue to
13 live outside the United States unless permitted to enter the
14 United States by the Attorney General of the United States and/or
15 the Secretary of the Department of Homeland Security.
16 5.   If you are permitted to enter the United States by the
17 Attorney General of the United States and/or the Secretary of the
18 Department of Homeland Security, and/or re-enter the United
19 States unlawfully:
20      a.   You shall upon any re-entry into the United States,
21      notify the United States Attorney's Office within 72 hours
22      of your re-entry and keep that Office informed of each place
23      of residence and any change in your place of residence
24      within 72 hours of any change through your defense counsel.
25      b.   You shall provide to the United States Attorney's
26      Office with written documentation confirming your employment
27      or student status, if requested by the United States.
28 ///

## SPECIAL CONDITIONS

Should the United States reinstate criminal prosecution based upon the your violation of this Agreement, you agree to waive any objection based on any applicable statute of limitations that would otherwise apply to the charges set forth in Indictment No. 2:09-CR-297 WBS.

## ACKNOWLEDGMENT OF CONDITIONS AND WAIVER OF RIGHTS

I, Alex Zavala-Tapia, assert and certify that I am aware that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an Indictment, Information, or Complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an Information, or in bringing a defendant to trial. I hereby request the Assistant United States Attorney for the Eastern District of California to defer, and the Court to stay, the prosecution of my case. I agree and consent that any delay from the date of this Agreement to the date of re-initiation of any prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request and shall be excluded from computation of time within which the trial of my case must be commenced under the Speedy Trial Act, 18 U.S.C. § 3161(h)(2). In addition, I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure, the Speedy Trial Act, or the Sixth Amendment to the Constitution of the United States to a

speedy trial, or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this Agreement.

_____     10/19/11
ALEX ZAVALA-TAPIA                    DATE
Defendant

_____     10/19/11
BENJAMIN GALLOWAY                    DATE
Assistant Federal Defender
Attorney for defendant
Alex Zavala-Tapia

BENJAMIN B. WAGNER
United States Attorney

By: _____     10/20/11
    SAMUEL WONG                      DATE
    Assistant United States Attorney

## ORDER

The Court having received, reviewed, and considered this Deferred Prosecution Agreement, and good cause appearing therefrom, the Court hereby approves of this Agreement for the purposes of allowing defendant Alex Zavala-Tapia to demonstrate his good conduct within the meaning of 18 U.S.C. § 3161(h)(2). The Court orders the prosecution of this case shall be stayed until April 20, 2012, and time from the date of this Agreement and Order until April 20, 2012, shall be excluded from computation of time within which the trial of this case must be commenced.

It further ordered that the United States Marshal shall release Zavala-Tapia to the custody of the Department of Homeland Security so that the Department of Homeland Security can determine whether removal and/or deportation proceedings against Zavala-Tapia are appropriate.

It is so ORDERED.

_____       10/20/2011
WILLIAM B. SHUBB                      DATE
United States District Judge